UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE A. BROWN, and
MILES D. CHILDS,

        Plaintiffs,

   v.                                              Case No. 08-C-0646

DAVID WHITE,

        Defendant.

**ORDER**

Plaintiffs Lee A. Brown and Miles Childs, each confined at the Wisconsin Resource Center ("WRC") under a civil commitment as a sexually violent person, *see* Wis. Stat. Chapter 980, have filed an action under 42 U.S.C. § 1983 claiming that their constitutional rights have been violated. To the extent the complaint is intelligible, it appears the Plaintiffs allege to have been unlawfully detained after Defendant David White falsified their records to wrongfully reflect that they had violated supervised release conditions under Chapter 980. Plaintiffs maintain that after serving their criminal sentences, neither of them was subject to Chapter 980 supervision, and should not have been subsequently detained under Chapter 980 for "unrelated parole revocations." Both Plaintiffs seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. In addition, with his affidavit of indigence, Brown has now filed what appears to be a second complaint naming Kim Roberts as a Defendant, and claiming that this individual falsified other records of his to reflect the wrong social security number, and indicate that he had been convicted of two felony sexual assaults when he has only been convicted of one. In his most recent filing, Brown claims that Roberts sent

a form containing this erroneous information to the sex offender registration program, and reiterates his allegation that his detention under Chapter 980 is unlawful.[1]

I will grant Brown and Childs' requests for *in forma pauperis* status, but I nevertheless conclude that their complaint fails to state a claim upon which relief can be granted and that the case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

## REQUEST FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiffs, however, have requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Because both are under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act (PLRA), which, inter alia, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp 1141, 1142-43 (W.D. Wis. 1997). Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit

---

[1] I note that even if Brown's allegations against White and Roberts otherwise stated a cognizable claim, Brown has not properly amended his complaint to include Roberts as a Defendant in this action, and it further appears that his claims against each are based upon their unrelated activity with respect to different records. Accordingly, joinder of the claims would be improper in any event. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

2

asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Brown and Childs have each filed the required affidavit of indigence. Having reviewed these affidavits, I am satisfied that both meet the poverty requirements of 28 U.S.C. § 1915, and lack significant funds to pay the filing fee. Thus, I will grant both Plaintiffs leave to proceed *in forma pauperis*.

## FAILURE TO STATE A CLAIM

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the PLRA, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing the sufficiency of a complaint, the Court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of Brown and Childs' complaint.

3

Brown and Childs allege that "[b]oth Plaintiffs in this complaint has [sic] been subject to the unlawful restraint of our personal liberty and has [sic] been unconstitutionally detained under S. 980.04(1) as sexually violent persons . . . ." (Compl. 3.) Despite their argument to the contrary, it is clear from this and similar language throughout the complaint that the Plaintiffs seek to challenge the constitutionality of their commitment, which they may not do so in an action pursuant to 42 U.S.C. § 1983. The proper remedy for any action, that, if successful, "would necessarily demonstrate the invalidity of confinement or its duration" lies in the form of a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78-83 (2005). Indeed,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). While *Heck* involved a prisoner complaint, the same policy considerations apply to persons involuntarily committed under procedures such as Wisconsin's Sexually Violent Offender law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that *Heck* is applicable to persons under civil commitment who have access to habeas relief); *see also Duncan v. Walker*, 533 U.S. 167, 176 (2001), *Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994). The proper course for a person to challenge his commitment under Chapter 980 is "to appeal through the proper channels in state court." *Sievert v. Zuidmulder*, 2007 WL 1139415 (E.D. Wis. 2007). "If his appeals in state court are unsuccessful, he may then bring an action in federal court for a writ of habeas corpus, assuming he can state a claim cognizable under § 2254." *Id.*

4

Under those principles, Plaintiffs cannot bring this § 1983 case. As both remain confined at the WRC, it is clear that their commitment has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus" as required by *Heck*, 512 U.S. at 486-87. A finding in their favor with regard to the falsification of the records supporting their confinement would require a determination that, as they allege, they are being held in violation of their constitutional rights.

Because this § 1983 action cannot be resolved without inquiring into the validity of the Plaintiffs' confinement, I conclude that the case must be dismissed.

**THUS, IT IS ORDERED** that the Plaintiffs' requests for leave to proceed *in forma pauperis* are **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' § 1983 claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, but without prejudice as to potential habeas claims.

Dated this   19th   day of August, 2008.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge